

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00056-CV
_____

IN THE MATTER OF J.F.B., A JUVENILE

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. J01782

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice van Cleef

<h1 style="text-align:center">MEMORANDUM OPINION</h1>

On July 26, 2022, the trial court, sitting as a juvenile court, signed an order waiving its jurisdiction over this case and transferring the matter to a district court pursuant to Section 54.02(j) of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 54.02(j). J.F.B. filed a timely notice of appeal on August 2, 2022, and on August 9, 2022, the trial court entered an order appointing counsel to represent J.F.B. on appeal. Then, on September 1, 2022, the trial court clerk filed a supplemental record that contained a waiver of appeal signed by J.F.B. and Rachel Flatt, J.F.B.'s trial counsel. That waiver was not dated, but the "filed" stamp from the district clerk's office is dated August 31, 2022. The waiver states:

> Comes now the defendant, joined byher [sic] counsel, in writing and in open court and waives and gives up the right to file and the time allowed to file and the right for a court-appointed attorney to file a Motion for New Trial, Motion for Arrest of Judgment, or Notice of Appeal.

Section 51.09 of the Texas Family Code provides for a valid waiver of a child's right of appeal as follows:

> Unless a contrary intent clearly appears elsewhere in this title, any right granted to a child by this title or by the constitution or laws of this state or the United States may be waived in proceedings under this title if:
>
> (1)  the waiver is made by the child and the attorney for the child;
>
> (2)  the child and the attorney waiving the right are informed of and understand the right and the possible consequences of waiving it;
>
> (3)  the waiver is voluntary; and
>
> (4)  the waiver is made in writing or in court proceedings that are recorded.

TEX. FAM. CODE ANN. § 51.09.

2

Because it appeared to this Court that J.F.B.'s waiver of her right of appeal may have deprived this Court of jurisdiction over this attempted appeal, we informed J.F.B., through counsel, of the apparent defect in our jurisdiction over this appeal and afforded her an opportunity to respond and, if possible, cure such defect. Counsel responded to our letter and stated that she learned from trial counsel that J.F.B. voluntarily waived her right to appeal the transfer order upon the advice of trial counsel in the midst of ongoing plea negotiations in adult criminal court. Trial counsel advised J.F.B. (who is now twenty-six years old) regarding her right to appeal the transfer order and the possible consequences of waiving that appeal. As a result, counsel is of the opinion that J.F.B. validly waived her right to appeal the transfer order pursuant to Section 51.09 of the Texas Family Code and that this Court is without jurisdiction to hear the appeal. We agree with counsel's assessment.

Because J.F.B. has no right of appeal as a result of her explicit, written waiver of that right in accordance with Section 51.09 of the Texas Family Code, we dismiss this appeal for want of jurisdiction.

Charles van Cleef
Justice

Date Submitted:     September 13, 2022
Date Decided:       September 14, 2022

3